# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

July 9, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAMES LILLY,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0979** (BOR Appeal No. 2049311)
                    (Claim No. 2012011213)

**ALEX ENERGY, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner James Lilly, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alex Energy, Inc., by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 26, 2014, in which the Board affirmed a March 21, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's May 1, 2012, decision granting Mr. Lilly a 7% permanent partial disability award. The Office of Judges instead granted him a 0% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Lilly, a coal miner, injured his left foot and ankle on September 27, 2011, when he slipped and fell. The claim was held compensable for sprain/strain of the ankle and foot. Mr. Lilly was treated by Steven Vess, D.O., for the compensable injury. Dr. Vess reviewed x-rays and found a tremendous amount of osteoarthritis in the ankle and old avulsion fractures, but nothing he would deem to be new. He opined that Mr. Lilly probably suffered a sprain/strain of the left ankle. On December 23, 2011, Dr. Vess found that Mr. Lilly had weakness in his left

1

foot. He also had mild stress fractures of the Achilles and tremendous weakness in the anterior tibula secondary to an injury to the peroneal nerve. On April 10, 2012, Dr. Vess's treatment note indicates that an EMG showed peroneal palsy of the left lower extremity secondary to the work-related injury, and an ultrasound showed extensive left deep vein thrombosis. He asserted that both conditions were the result of the compensable injury.

An independent medical evaluation was performed by Joseph Grady, M.D., on January 5, 2012. Dr. Grady diagnosed chronic left lower leg and foot paresthesia of uncertain etiology and left foot and ankle sprain superimposed on diffuse osteoarthritic changes with a reported history of pre-existing medical and lateral malleoli avulsion fractures. He opined that Mr. Lilly's current symptoms are not the result of the sprain/strain injury. He stated that he has evidence of atrophy of the left lower extremity and some form of a neurologic abnormality or peripheral nerve involvement. He opined that an EMG could be done to further investigate the nerve abnormality, but it would not be related to the compensable sprain/strain. In a supplemental report, Dr. Grady clarified that Mr. Lilly had reached maximum medical improvement for his compensable left ankle/foot sprain/strain. He stated that the current symptoms are not the result of the sprain/strain and are more suggestive of a neurologic abnormality. He assessed 0% impairment for the compensable injury.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on February 22, 2012, in which he diagnosed a soft tissue injury to the left ankle and foot with clinical evidence of peroneal nerve palsy. He opined that Mr. Lilly was not at maximum medical improvement but provided an impairment rating. He stated that the only reason he found Mr. Lilly was not at maximum medical improvement was so he could have an EMG and nerve conduction study. He determined that Mr. Lilly had range of motion limitations; however, they were due to the peroneal nerve injury so range of motion measurements were therefore not appropriate to use for an impairment rating. He assessed 7% whole person impairment for peroneal nerve injury, muscle weakness, and sensory deficits. He disagreed with Dr. Grady's conclusion that the peroneal nerve injury was not the result of the compensable injury. Based upon Dr. Mukkamala's report, the claims administrator granted Mr. Lilly a 7% permanent partial disability award on May 1, 2012.

Dean Steinman, D.O., performed a utilization review on July 8, 2012, in order to determine if deep vein thrombosis and peroneal nerve palsy should be added to the claim. He opined that though Mr. Lilly had developed left peroneal nerve pathology since his September 27, 2011, injury, the weight of the evidence does not support the conclusion that left peroneal nerve injury or deep vein thrombosis are related to the compensable ankle sprain. He recommended the conditions not be added to the claim. The claims administrator thereafter denied a request to add peroneal palsy and deep vein thrombosis to the claim. The Office of Judges and Board of Review subsequently affirmed the decision.

A third independent medical evaluation was performed by Robert Walker, M.D., on January 8, 2013. Dr. Walker found evidence of injury to the left ankle, hind foot, toes, and peroneal nerve. He provided two methods of impairment calculation. Using range of motion, he found 15% impairment for the left ankle, 10% for the hind foot, 5% for the great toe, and 5% for

the lesser toes for a total of 32% lower extremity impairment. That converted to 13% whole person impairment. He also rated Mr. Lilly's left peroneal nerve injury using Table 39 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). He assessed 27% lower extremity impairment for the motor aspect of the injury and 5% for sensory defects, which combined and converted to 15% whole person impairment.

Jerry Scott, M.D., then performed an independent medical evaluation in which he determined that Mr. Lilly suffered a sprain/strain of the left foot and ankle superimposed on severe pre-existing degenerative disease. He noted that Mr. Lilly had peroneal nerve abnormalities in both lower extremities, worse on the left. He stated that he had a history of at least two prior significant left ankle/foot traumas. He also has diabetes, which Dr. Scott suspected contributed to the peripheral nervous system abnormalities. Dr. Scott found the range of motion measurements to be invalid because of inconsistent performance and pain limitations. Mr. Lilly reported that at times he cannot move either ankle due to swelling. Dr. Scott opined that the presence of symptoms in both legs indicates the symptoms are not the result of the compensable left ankle sprain/strain. He therefore assessed 0% whole person impairment for the compensable sprain/strain. He opined that Dr. Walker's 15% impairment recommendation was incorrect. He stated that Dr. Walker did not know or did not take into account Mr. Lilly's pre-existing history. He also failed to address the right side symptoms. Dr. Scott also found that Dr. Walker's range of motion measurements were not reliable as Mr. Lilly gave inconsistent efforts throughout his evaluation.

In a November 25, 2013, supplemental report, Dr. Mukkamala diagnosed left ankle and foot sprain. He found that Mr. Lilly had a history of left ankle and left foot injury prior to the compensable injury. He stated that his previous impairment recommendation was made without the knowledge of pre-existing injuries and degenerative changes. With the additional information, Dr. Mukkamala concluded that the claim was properly denied for the addition of peroneal palsy and deep vein thrombosis. He assessed 0% impairment for the compensable sprain/strain. He opined that Dr. Walker's finding of 15% impairment was incorrect because Dr. Walker improperly included the non-compensable, pre-existing peroneal nerve condition in his assessment.

The Office of Judges reversed the claims administrator's grant of a 7% permanent partial disability award and instead granted Mr. Lilly a 0% permanent partial disability award in its March 21, 2014, Order. It found that Mr. Lilly clearly had substantial left ankle injuries prior to his compensable injury. The Office of Judges previously determined that the peroneal nerve injury is not a compensable component of the claim and the Board of Review affirmed the Order. The Office of Judges determined that the claims administrator's decision in the issue at bar was based upon Dr. Mukkamala's finding of 7% impairment. His assessment at that time was based upon the peroneal nerve injury, which he believed was related to the compensable injury. In a subsequent supplemental report, he stated that, based upon additional information, his previous assessment was incorrect and Mr. Lilly has 0% impairment for the compensable injury. The Office of Judges noted that Dr. Scott had previously arrived at the same assessment of 0% impairment.

3

The Office of Judges stated that Dr. Walker's report suggested either 13% or 15% impairment for the compensable injury. As Drs. Scott and Mukkamala noted, his report has several problems. First, he assumed that peroneal nerve injury is a compensable component of the claim. Because that is not the case, his recommendation of 15% impairment cannot be adopted. Dr. Walker also made a recommendation of 13% whole person impairment based on range of motion deficits. The Office of Judges concluded, however, that he did not attempt to apportion the impairment for Mr. Lilly's pre-existing injuries. Finally, Dr. Walker's range of motion measurements were not corroborated by the remainder of the record, and his report was therefore not found to be credible. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 26, 2014.

On appeal, Mr. Lilly argues that Dr. Walker provided two different methods of calculating impairment and separated the musculoskeletal damage from the peroneal nerve damage, arriving at an assessment of 13% musculoskeletal impairment. Mr. Lilly also asserts that Dr. Vess reviewed diagnostic testing and found nerve damage. Alex Energy, Inc., argues that three of the four evaluating physicians of record found that Mr. Lilly has 0% permanent partial disability as a result of the compensable injury. It asserts that the claim has only been held compensable for sprains/strains of the left ankle and foot, and the nerve impairment was not the result of the injury. It further argues that Drs. Scott and Mukkamala were the only physicians of record made aware of Mr. Lilly's pre-existing left foot/ankle conditions, and their opinions are therefore the most reliable of record.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The claims administrator's award was based on Dr. Mukkamala's first evaluation. He subsequently recanted his impairment recommendation upon the receipt of additional evidence showing Mr. Lilly had substantial pre-existing degenerative changes and prior injuries. Dr. Scott also found that Mr. Lilly had 0% impairment. Mr. Lilly bases his appeal on Dr. Walker's report. However, his report is unreliable because he rated a non-compensable condition, failed to apportion for pre-existing injuries and conditions, and his results were not corroborated by the evidentiary record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  July 9, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

Justice Brent D. Benjamin, disqualified